# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**ANTHONY DEROSA,**

    **Plaintiff,**

**v.**

                              **CASE NO.:**

**PHASE THREE STAR, LLC,**
**D/B/A HARDEE'S,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY DEROSA, by and through undersigned counsel, brings this action against Defendant, PHASE THREE STAR, LLC, D/B/A HARDEE'S, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq*.

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Citrus County, Florida.

## PARTIES

4. Plaintiff is a resident of Citrus County, Florida.

5. Defendant operates a restaurant in Homosassa, in Citrus County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff was employed by Defendant from January 2022 until on or around June 15, 2023 as a crew member.

12. Plaintiff is a male.

13. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

14. Plaintiff performed the job for which he was hired in a satisfactory manner.

15. In or around April 2022, Plaintiff's Supervisor, Melinda ("Mindy"), began sexually harassing Plaintiff by making repeated unwanted sexual advances toward Plaintiff.

16. By way of example, Mindy would regularly rub Plaintiff's shoulders and lower back without Plaintiff's consent.

17. Multiple members of Defendant's Management witnessed Mindy's sexual harassment of Plaintiff.

18. Every time that Mindy made a sexual advance toward Plaintiff or unwanted touch of Plaintiff, Plaintiff objected by asking Mindy to stop this sexually harassing behavior.

19. On numerous occasions, starting in April 2022, Plaintiff complained to multiple of Defendant's managers, including the Hiring Manager and the District Manager, about Mindy's sexual harassment of Plaintiff.

20. Additionally, Plaintiff reached out to Defendant's Human Resources Department numerous times about Mindy's sexual harassment of him, but received no response.

21. However, despite Plaintiff's repeated objections to Mindy's sexual harassment, Defendant failed to take remedial action and Mindy continued to sexually harass Plaintiff.

22. In fact, after Plaintiff began complaining to Defendant about Mindy's sexual harassment, Defendant's managers began to ostracize Plaintiff.

23. Despite Plaintiff's repeated objections to Mindy's sexual harassment and Plaintiff's objections to being scheduled to work with Mindy, Defendant continued to schedule Plaintiff to work with Mindy.

24. Due to Defendant's failure to take remedial action and continual scheduling of Plaintiff to work with Mindy, Plaintiff was forced to call out of work on multiple days in June 2022, to avoid being sexually harassed by Mindy.

25. Throughout Plaintiff's employment with Defendant, Plaintiff continually objected to Mindy's sexual harassment and Defendant routinely failed to take remedial action.

26. On or about June 15, 2022, Defendant retaliated against Plaintiff for invoking his rights under Title VII and the FCRA by terminating Plaintiff's employment.

### COUNT I – TITLE VII VIOLATION
### (SEXUAL HARASSMENT)

27. Plaintiff realleges and readopts the allegations of paragraphs 6 through 26 of this Complaint, as though fully set forth herein.

28. Plaintiff is a member of a protected class under Title VII, due to his sex.

29. Plaintiff was subjected to unwelcome harassment on the basis of his sex, including unwanted sexual advances and touching from his Supervisor, Mindy.

30. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

31. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

32. Defendant's actions were willful and done with malice.

33. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

34. Plaintiff realleges and readopts the allegations of paragraphs 6 through 11 and 18 through 26 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class under Title VII, on the basis of his sex.

36. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

37. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

38. Defendant's actions were willful and done with malice.

39. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

40. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## **COUNT V – FCRA VIOLATION**
**(SEXUAL HARASSMENT)**

41. Plaintiff realleges and readopts the allegations of paragraphs 6 through 26 of this Complaint, as though fully set forth herein.

42. Plaintiff is a member of a protected class under FCRA, due to his sex.

43. Plaintiff was subjected to unwelcome harassment on the basis of his sex, including unwanted sexual advances and touching from his Supervisor, Mindy.

44. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

45. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured due to Defendant's violations of FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

  c)   Compensation for lost wages, benefits, and other remuneration;

  d)   Front pay;

  e)   Any other compensatory damages, including emotional distress, allowable at law;

  f)   Punitive damages;

  g)   Prejudgment interest on all monetary recovery obtained.

  h)   All costs and attorney's fees incurred in prosecuting these claims; and

  i)   For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

48. Plaintiff realleges and readopts the allegations of paragraphs 6 through 11 and 18 through 26 of this Complaint, as though fully set forth herein.

49. Plaintiff is a member of a protected class under the FCRA, on the basis of his sex.

50. Plaintiff exercised or attempted to exercise his rights under the FCRA, thereby engaging in protected activity under the FCRA.

51. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

52. Defendant's actions were willful and done with malice.

53. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

54. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of December, 2023.

                                         Respectfully submitted,

                                         */s/ Brandon J. Hill*
                                         **BRANDON J. HILL**
                                         Florida Bar No: 37061
                                         **HANNAH E. DEBELLA**
                                         Florida Bar No: 1026002
                                         **Wenzel Fenton Cabassa P.A.**
                                         1110 N. Florida Avenue, Suite 300
                                         Tampa, Florida 33602
                                         Main No.: 813-224-0431
                                         Direct No.: 813-337-7992
                                         Facsimile No.: 813-229-8712
                                         Email: bhill@wfclaw.com
                                         Email: hdebella@wfclaw.com
                                         Email: aketelsen@wfclaw.com
                                         Attorneys for Plaintiff